UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP BLACKWOOD,

Plaintiff,

-against-

WESTCHESTER COUNTY JAIL; C.O. BRONER; C.O. ANTIGA,

Defendants.

1:23-CV-2656 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Phillip Blackwood, who appears *pro se* and who filed this action while he was held in the Westchester County Jail ("WCJ"), asserts that the defendants violated his federal constitutional rights.[1] He seeks damages and injunctive relief, and he sues the following defendants: (1) the WCJ; (2) WCJ Correction Officer Broner; and (3) WCJ Correction Officer Antiga. The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C.§ 1983, as well as claims under state law.

By order dated May 22, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 60 days' leave to file replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act ("PLRA") requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or

[1] Following the filing of his complaint, Plaintiff informed the court that he is no longer being held in the WCJ. (ECF 10.)

employee of a governmental entity.[2] *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged

---

[2] For the purpose of the PLRA, the term "prisoner" refers to "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. §§ 1915(h), 1915A(c). A litigant is considered to a be a prisoner under the PLRA if he fits that definition at the moment that he files his complaint. *See Gibson v. City Mun. of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) (quoting *Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010)). Thus, although Plaintiff is longer in custody, because he filed his complaint while held in the WCJ, he is considered a prisoner for the purpose of this action.

misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff alleges the following: On March 17, 2023, while Plaintiff was held in the WCJ, another prisoner named Luis Ramos attempted suicide by putting a bag over his head during the night. Even though correction officers were supposed to conduct rounds every 15 minutes, they did not find Ramos's dead body on the floor of his cell until the next morning. His body was found to be "black and blue" and his head was found to have "a gash in it." (ECF 1, at 12.) The correction officers "did not do the[ir] job[,] that means the[y] just flash[ed] the light and walked pas[t]" Ramos's cell. (*Id.*)

Plaintiff asserts that his own life "is in constant danger from being locked in and these people don't respond to [prisoners] when [prisoners] push the button to the door." (*Id.*) He asks for "the autopsy reports" and the "time of death." (*Id.* at 13.) Plaintiff is "tra[u]matized from seeing [his] friend dead in his boxers with his head split and body black and blue." (*Id.*) Plaintiff asserts that in the "old jail" part of the WCJ, mental health officials check on prisoners four times per week; in the "new jail" part of the WCJ, where he was held at the time of filing, they are supposed to check on prisoners once per week, yet have not done so for over two months. He alleges that WCJ officials should have recognized that Ramos needed "help from the way he isolated himself. . . . [yet,] they only worry about drugs. That's it. Nothing else." (*Id.* at 14-15.)

## DISCUSSION

### A. Standing

The complaint does not show that Plaintiff has standing to bring any of his claims, regardless of whether he brings them under federal or state law. Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonians for Official English v. Arizona*, 520 U.S. 43, 64 (1997). To demonstrate standing, a plaintiff must show that: (1) he has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Moreover,

> a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant . . . claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large . . . does not state an Article III case or controversy.

*Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted)."If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." *Mahon*, 683 F.3d at 62 (internal quotation marks and citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement . . . .").

Plaintiff's allegations concern WCJ officials' alleged failure to prevent Luis Ramos's death and the perceived danger that that presents to Plaintiff; they do not show that Plaintiff himself has personally suffered some actual or threatened injury as a result of WCJ officials' conduct, that any such injury is fairly traceable to that conduct, and that the injury is likely to be redressed by the requested relief. The Court therefore dismisses Plaintiff's claims for lack of standing, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff 60 days' leave to file an amended complaint in which he alleges facts sufficient to demonstrate that he has standing to raise his claims.

**B. The WCJ**

The Court must also dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the WCJ. To state a claim under this statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). The WCJ, a jail, is not a person for the purpose of Section 1983. *See Sacchetti v. Westchester DOC*, No. 22-CV-4508, 2022 WL 6776680, at *2 n.2 (S.D.N.Y. Oct.11, 2022); *Smith v. Westchester Cnty. Jail*, No. 17-CV-9858, 2018 WL 11300397, at *2 (S.D.N.Y. Feb. 2, 2018). The Court therefore dismisses Plaintiff's claims under Section 1983 against the WCJ for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, and because Plaintiff sues a jail that is operated by the Westchester County Department of Correction, an agency of the County of Westchester, the Court construes the complaint as asserting claims under Section 1983 against the County of Westchester. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v.*

*City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

When a plaintiff sues a municipality, such as the County of Westchester, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's federal constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges no facts suggesting that a policy, custom, or practice of the County of Westchester caused him an injury resulting from a violation of his federal constitutional rights.[3]

[3] Even if the Court were to understand Plaintiff's complaint as asserting that there is a custom or practice on the part of the County of Westchester of not requiring WCJ officials to conduct regular rounds of jail cells, Plaintiff alleges no facts showing that such a custom or practice has violated *his* federal constitutional rights, as he does not show standing to sue.

The Court therefore additionally dismisses Plaintiff claims under Section 1983 against the County of Westchester for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

Because Plaintiff proceeds *pro se*, however, the Court grants him leave to file an amended complaint in which he names the proper municipal defendant (the County of Westchester), and alleges facts showing how a policy, custom, or practice of the County of Westchester caused a violation of his federal constitutional rights.

**C. Correction Officers Broner and Antiga**

The Court must also dismiss Plaintiff's claims under Section 1983 against Correction Officers Broner and Antiga. To state a claim under this statute against an individual state actor named as a defendant, a plaintiff must allege facts showing that that individual state actor was directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges no facts showing that either Correction Officer Broner or Correction Officer Antiga was directly and personally involved in any violation of Plaintiff's federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against

these defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

The Court, however, grants Plaintiff leave to file an amended complaint in which he alleges facts showing how these defendants, and how any other individual state actor he names as a defendant, were directly and personally involved in the alleged violations of his federal constitutional rights.

**D. Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court for Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983, the Court grants him 60 days' leave to file an amended complaint to detail his claims, as discussed above.

The Court grants Plaintiff leave to file an amended complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

claim those individual state actors who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If he has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2023, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

For the reasons discussed in this order, the Court dismisses this action. The Court, however, grants Plaintiff 60 days' leave to file an amended complaint to address the deficiencies discussed above. If Plaintiff fails to file an amended complaint within the time allowed, or does not show cause as to why to excuse such failure, the Court will direct the Clerk of Court to enter judgment dismissing this action for the reasons set forth in this order, *see* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii), and denying Plaintiff's application for the Court to request *pro bono* counsel (ECF 3) as moot.[6]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 12, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[6] The Court will not consider Plaintiff's application for the Court to request *pro bono* counsel until and unless Plaintiff files an amended complaint.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________

_______________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**

**(Prisoner)**

Do you want a jury trial?

☐ Yes ☐ No

_______________________________________

_______________________________________

_______________________________________

_______________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name Middle Initial Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.  RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_______________________ _______________________

Dated Plaintiff's Signature

_______________________________________________

First Name Middle Initial Last Name

_______________________________________________

Prison Address

_______________________________________________

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ______________